# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 0847 | **DATE** | March 5, 2010 |
| **CASE TITLE** | Jerome Watson (2009-0023460) vs. Lisa Madigan, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [7] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $1.10 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Robinson Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motions for appointment of counsel [4], [8] are denied as moot.

■[For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff, Jerome Watson, a detainee at Cook County Jail, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983. On February 16, 2010, the Court denied Plaintiff's application to proceed *in forma pauperis* because it was incomplete and dismissed his complaint because he failed to state a claim against a named Defendant. Plaintiff has submitted another application to proceed *in forma pauperis* and an amended complaint.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.10. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915(e)(2)(b), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's amended complaint makes the same allegations against the same Defendants as his original complaint. In fact, other than a few minor changes, Plaintiff's amended complaint is a duplicate of his original complaint. As discussed below, Plaintiff's amended complaint fails to state a claim on which relief can be granted.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). Factual allegations cannot be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

## STATEMENT

Plaintiff alleges that he was released from prison in 2002. In July of 2006, he received a memo from Attorney General Lisa Madigan informing him that he had to register as a sex offender. However, he had not been charged or convicted of a sex crime. At unknown dates, Plaintiff alleges that he was repeatedly "harassed and stalked" by police officers and arrested and released for failure to register. At some point, Plaintiff did register a sex offender. In October or November of 2008, Plaintiff was arrested on a failure to register warrant.

In March of 2009, Plaintiff received another "letter" stating that he was no longer considered a sex offender, that he was taken off that registry, and that he was placed on the violence against youth registry. As a result of mistakenly being put on the sex offender registry, Plaintiff has been able to take part in certain government programs and has been "shunned by the world" because the July of 2006 letter required him to register as a sex offender when he should have been required to register on the violence against youth registry.

Plaintiff names as Defendants: Attorney General Lisa Madigan, Chicago Police Superintendent Jody Weis, Cook County Sheriff Thomas Dart, and four unknown police officers. Plaintiff does not indicate what, if any claim(s) are brought against any of the identified Defendants. Thus, Plaintiff fails to provide any Defendant with notice of the claim against him/her. It is also unclear if the unknown police officers and Superintendent Weis are identified as a Defendant because Plaintiff is attempting to bring claims against unknown police officers for his multiple arrests for failing to register. Plaintiff has not sufficiently pled any such claims because he fails to identify any actual arrests and the conduct by police officers at those arrests. Instead, he makes a general allegation that he was repeatedly harassed and arrested after 2002. This statement regarding being harassed and stalked" fails to provide any Defendant with notice of a claim against him/her. The Court is unable to infer any allegations/claims against Sheriff Dart.

Besides not providing any of the Defendants notice whether Plaintiff's "due process" claim is brought against him/her, the basis of any due process claim is not sufficiently pled. Plaintiff does not indicate the crime of which he was convicted that required him to register on either registry, but he does not allege that he should not have been required to register on the violence against youth registry. Plaintiff's claim cannot be based an allegation that he had a right to a procedural due process hearing before being required to register as a sex offender, a similar claim was considered and explicitly rejected by the United States Supreme Court. *See Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1, 507 (2003); *see also In re: Phillip C.*, 354 Ill. App. 3d 822, 831-32 (2006).

Furthermore, it appears that Plaintiff also cannot state a claim related to he being required to register on the sex offender registry instead of the violence against youth registry:

Prior to the creation of the Child Murder and Violent Offender Against Youth Registration Act (Violent Offender Act"), 730 ILCS 154 *et seq.*, that created the violence against youth registry, individuals convicted of certain crimes that were not sexually motivated were required to register on the sex offender registry. *See* 150 ILCS 150 *et seq.* (2004); *see also People v. Johnson*, 225 Ill. 2d 573, 591 (2007) (finding that requiring a defendant convicted of aggravated kidnaping of a minor by a nonparent, although not sexually motivated, to register as a sex offender, did not violate the defendant's due process rights).

The timing of Plaintiff's letter requiring him to register on the sex offender registry coincides with the effective date of the Violent Offender Act, June 27, 2006. Importantly, while the Violent Offender Act that created the violence against youth registry became effective June 27, 2006, the violence against youth registry had not yet been created. Thus, the Illinois legislature passed an emergency rule that provided that until the implementation and creation of the violence against youth registry by the Illinois State Police, violent offenders against youth were required to register under the sex offender registry. 20 Ill. Reg. 1283.10-30. Once the violence against registry was created and implemented, the violent offenders against youth were to transfer their registry form the sex offender registry to the violence against youth registry as provided for in the Violent Offender Act. *See* 20 Ill. Reg. 1283.10-30; 730 ILCS 154/11. Thus, while Plaintiff may feel that he should not have been required to register on the sex offender registry, Illinois law mandated such registration until the violence against youth registry was created.

Plaintiff has failed to state a claim upon which relief can granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief). Accordingly, this suit is dismissed for failure to state a claim on which relief may be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the

| STATEMENT |
|---|
| entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike." |